

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Ben J. Dean
District Attorney
Breckenridge, Texas

Opinion No. O-4700
Re: Construction of the provisions of Article 2956, Revised Statutes, with reference to voting by absentee ballot.

Dear Sir:

Based upon the provisions of Article 2956 of the Revised Civil Statutes of Texas, as amended, you request our opinion as to the correct answer to several questions which we take the liberty to restate as follows:

"1. Is the county clerk of a county authorized to send a voter an absentee ballot upon oral request of some friend or relative of the absentee?

"2. May an absentee voter, through the agency of a friend, make written application such as would authorize the clerk to send such ballot?

"3. Is the clerk authorized to mail an absentee voter a ballot, where the name of the voter appears on the certified list of poll tax payers, even though the voter does not send his poll tax receipt to the clerk at the time of making application for a ballot?

"4. Is the clerk authorized to mail an absentee voter a ballot if the application for a ballot is not accompanied by fifteen cents (15¢) to cover postage?

"5. Is the clerk authorized to mail a ballot to an absentee voter if the fifteen cents (15¢) is paid by some friend or other disinterested person as his agent?"

As all of the above questions are directed to an interpretation of that part of Article 2956 applicable to absentee voting by mail, we omit the provisions applicable to voting by personal appearance before the county clerk. The pertinent provisions of the statute follow:

"Subdivision 1. Any qualified elector of this State who is absent from the county of his residence, or because of sickness or physical disability can not appear at the poll place in the election precinct of

his residence, on the day of holding any general, special, or primary election, may, nevertheless, cause his vote to be cast at such an election in the precinct of his residence by compliance with one or other of the methods hereinafter provided for absentee voting.

"Subdivision 2.  Such elector shall make application for an official ballot to the county clerk in writing signed by the elector, or by a witness at the direction of said elector in case of latter's inability to make such written application because of physical disability.  Such application shall be accompanied by the poll tax receipt or exemption certificate of the elector, or, in lieu thereof, his affidavit in writing that same has been lost or mislaid.  If the ground of application be sickness or physical disability by reason of which the elector can not appear at the polling place on election day, a certificate of a duly licensed physician certifying as to such sickness or physical disability shall accompany the application.

"    .    .    .    .

"Subdivision 4.  At any time not more than twenty (20) days, nor less than three (3) days prior to the date of such an election, such elector who makes written application for a ballot as provided for in Subdivision 2 hereof, shall be entitled to have his ballot cast at such an election on compliance with the following provisions:

"The application, including fifteen cents (15¢) to cover postage, shall be mailed to the County Clerk of the elector's residence whose duty it shall be forthwith to mail to such elector a blank official ballot and ballot envelope as provided in Subdivision 3, which ballot shall be marked by elector, or by witness at the direction of said elector in case of the latter's inability to mark such ballot because of physical disability, in the presence of a Notary Public or other persons qualified under the law to take acknowledgments, and in the presence of no other person except said witness and/or such officer, and in such manner that such officer cannot know how the ballot is marked, and such ballot shall then in the presence of such officer be folded by the elector or by said witness in case of physical disability of said elector, deposited in said envelope, the envelope securely sealed, the endorsement filled out, signed and sworn to by the elector, or in case of physical disability, then by the said witness for and in behalf of said elector, and certified by such officer and then mailed by said officer, postage prepaid, to the County Clerk.

"....

"Subdivision 6. On the day of such election, and in the presence of the election officers, and the supervisors, if any, one of the judges of election shall, between the hours of 2:00 and 3:00 o'clock open the carrier envelope only, announce the elector's name and compare the signature upon the application with the signature upon the affidavit on the ballot envelope. In case the election board finds the affidavits duly executed, that the signatures correspond, that the applicant is a duly qualified elector of the precinct, and that he has not voted in person at said election, they shall open the envelope containing the elector's ballot in such manner as not to deface or destroy the affidavit thereon, take out the ballot therein contained without permitting same to be unfolded or examined and having endorsed the ballot in like manner as other ballots are required to be endorsed, deposit the same in the proper ballot box and enter the elector's name in the poll list the same as if he had been present and voted in person. If the ballot be challenged by any election officer, supervisor, party challenger, or other person, the grounds of challenge shall be heard and decided according to law, including the consideration of any affidavits submitted in support of or against such challenge. If the ballot be admitted, the words 'absentee voter' shall be set down opposite the elector's name on the poll list. If the ballot be not admitted, there shall be endorsed on the back thereof the word 'rejected,' and all rejected ballots shall be enclosed, securely sealed, in an envelope on which words 'rejected absentee ballots' have been written, together with a statement of the precinct and the date of election, signed by the judges and clerks of election and returned in the same manner as provided for the return and preservation of official ballots voted at such election. In all cases the application poll tax receipt or exemption certificate, ballot envelope and the affidavits and certificates accompanying same shall be returned by the officers of election to the county clerk who shall keep all such papers except poll tax receipts and exemption certificates for one (1) year and shall return poll tax receipts and exemption certificates to the voter at any time after the same have been returned to him except in case of challenge when such poll tax receipts and exemption certificates shall be held thirty (30) days and as much longer thereafter as any Court or reviewing authority may direct.

"...."

Hon. Ben J. Dean, page 4 (O-4700)

        With reference to the first question propounded by you, it will be noted that Subdivision 2 of the above statute provides that:

        "Such elector shall make application for an official ballot to the county clerk in writing signed by the elector, or by a witness at the direction of said elector in case of latter's inability to make such written application because of physical disability."

        We think the intent of the Legislature is thus made plain-by the use of the words underscored by us it was the intent that the application must be in writing. This conclusion is strengthened by reference to the words of Subdivision 6 wherein it is provided that on the day of the election, one of the judges of election, before depositing the ballot in the ballot box shall "compare the signature upon the application with the signature upon the affidavit on the ballot envelope." Further, said judge is authorized to cast such ballot if the election board "finds the affidavits duly executed, that the signatures correspond," etc.

        In this connection, we direct attention to the case of Sartwelle v. Dunn, (Tex.Civ.App. 1938) 120 S.W.(2d) 130. In that case it appeared that ballots were taken from the county clerk's office by a notary and a candidate to the residences of certain electors without request from them. Each expressed a willingness to vote, however, and the ballots were then and there marked by the notary at their direction. The court said:

        ". . . We recognize the general rule that the will of the electors should be respected when expressed at the ballot, but we are of the opinion that an elector exercising the right of suffrage through the medium provided by the absentee voting statute should at least substantially comply with the requirements of such statute. To hold that ballots such as these were cast in substantial compliance with the statute would ignore the plain and express provisions thereof and open the avenues of fraud, deception and intimidation through absentee voting in the conduct of elections.

        "We are of the opinion that the trial court erred in refusing to sustain the challenge to these votes.

        ". . ."

        In view of the above, we answer the first question in the negative.

        The second question is answered in the negative, also, with the exception stated in Subdivision 2, supra, "or by a

witness at the direction of said elector in case of latter's inability to make such written application because of physical disability." It will be observed that in Subdivision 4 the same exception is applicable to the actual marking of the ballot.

In regard to the third question dealing with the "authority" of the county clerk to mail one a ballot whose name appears on the certified list of poll tax payers, but who does not accompany his application with his poll tax receipt, we say that the clerk does not derive any such "authority" from the statute. The second sentence of Subdivision 2 provides that the application for a ballot is to be accompanied by the poll tax receipt or exemption certificate of the elector or his affidavit in writing that same has been lost or mislead. The latter part of Subdivision 6 provides for the return to the voter of the poll tax receipt or certificate of exemption. This is to be done by the county clerk after the election. Therefore, following the statute, you are advised that the county clerk is not authorized to forward a ballot where the application is unaccompanied by either the poll tax receipt or certificate of exemption of the elector, or in lieu thereof, the written affidavit of the voter that he has lost or mislaid the same.

Your fourth question relates to the "authority" of the county clerk to mail the ballot where the applicant does not include fifteen cents (15¢) to cover postage. The only reference to such matter in the statute is in the language contained in Subdivision 4: "The application, including fifteen cents (15¢) to cover postage, shall be mailed to the County Clerk," etc. We are of the opinion that the clerk would not be authorized to send the ballot where the application therefor is not accompanied by the fifteen cents (15¢). Your fourth question is accordingly answered in the negative.

But we do not believe that a mere failure to forward the fifteen cents (15¢) along with the written application would justify the clerk in failing to forward the ballot if the amount should be timely paid either by the elector himself or by some other disinterested person as his agent. Therefore we answer your fifth question in the affirmative.

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Benjamin Woodall
By Benjamin Woodall, Assistant

BW:GO:wb
APPROVED JUL 11, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY: BWB, Chairman